UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-007-FDW

| | |
|---|---|
| DARRYL BOYD ADKINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU WASHBURN, et al., )<br>)<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff has been granted in forma pauperis status. (Doc. No. 9).

### I. BACKGROUND

Pro se Plaintiff Darryl Boyd Adkins, a North Carolina inmate incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on January 5, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following two persons as Defendants, identified as correctional officers at Marion at all relevant times: (1) FNU Washburn, and (2) FNU Kalinwoski. Plaintiff alleges that Defendants used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights on August 28, 2016. More specifically, Plaintiff alleges that on the morning of August 28, 2016, Plaintiff started coming out his cell, located on E-Block, D-Unit. (Doc. No. 1 at 3-7). Plaintiff alleges that, as he started leaving his cell, Defendant Washburn grabbed Plaintiff by his throat with one hand and he grabbed Plaintiff's shirt with his other hand, and he then tried to push Plaintiff back in his cell while Plaintiff still had handcuffs

1

behind his back. Plaintiff also alleges that, during the incident, Washburn forcefully pushed Plaintiff on the floor while Defendant Kalinwoski helped Washburn put Plaintiff on the ground in front of his cell doorway. Plaintiff alleges that, during this time, Washburn was bending Plaintiff's left and right wrists, and that Washburn then punched Plaintiff four times in his left eye, despite that Plaintiff was handcuffed and not resisting. Plaintiff also alleges that Kalinwoski placed a can of pepper spray towards Plaintiff's face and threatened to spray him if he resisted. Plaintiff alleges that he subsequently had pain in his left eye and wrists, and was given pain medication. Plaintiff also alleges he suffers from migraines and headaches as a result of the incident, and that he can no longer move his left and right wrists in the same way he could before the use of force. Plaintiff seeks injunctive and declaratory relief and compensatory damages. (Id. at 3).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.

3

> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's excessive force claim under 28 U.S.C. § 1915(e). That is, Plaintiff has stated a cognizable claim of excessive force against Defendant Washburn. As to Plaintiff's allegations against Defendant Kalinwoski, Plaintiff does not allege that Defendant Kalinwoski himself used any force against Plaintiff. Plaintiff alleges, at most, that Defendant Kalinwoski threatened to use pepper spray against Plaintiff if Plaintiff resisted. To the extent, however, that Plaintiff is attempting to infer that Defendant Kalinwoski is liable for failing to intervene in the force allegedly used by Defendant Washburn, the Court will not dismiss Plaintiff's Eighth Amendment claim against Defendant Kalinwoski at this time.

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.
2. The Clerk shall send Plaintiff a summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: March 13, 2017

4

Frank D. Whitney
Chief United States District Judge